UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:*<br><br>MERRICK GARLAND,<br>Attorney General<br><br>*In the Civil Matter of:*<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Petitioner,<br><br>v.<br><br>DOUGLAS MACKENZIE,<br><br>Respondent. | Misc. No. 24-2270 (RC)<br><br>*on removal from*<br>SUPER. CT. DOCKET NO.<br>2024-CAB-003203 (D.C. Super. Ct.) |

**MOTION TO QUASH SUPERIOR COURT SUBPOENA
AND MEMORANDUM IN SUPPORT THEREOF**

Merrick Garland, Attorney General of the United States (the "Attorney General") respectfully moves the Court to quash the subpoena that is the subject of this miscellaneous matter.

**BACKGROUND**

This motion to quash concerns a subpoena issued to the Attorney General under the authority of the California Superior Court, County of Orange on behalf of the Respondent Douglas MacKenzie ("MacKenzie") in *People of the State of California v. Douglas MacKenzie*, No. M-13949 (Cal. Super. Ct.). MacKenzie was extradited from Canada to California to face twelve felony charges concerning acts of lewd acts on a child under fourteen years of age committed in the Orange County, California in 1999 and 2000. *MacKenzie v. Cal. Att'y Gen.*, Case No. SACV 12-432, 2016 WL 5334479, at *1-2 (C.D. Cal. Apr. 11, 2016). In 2010, he pleaded guilty to five counts of committing lewd acts on a child under fourteen years of age and one count of using a

minor in the preparation of a film or photograph involving sexual conduct. *Id*. at *5. He was sentenced to ten years of incarceration. *Id*. Upon his release from prison, he was civilly committed as a California Sexually Violent Predator. *Cf. id*. at *6 n.7 (noting that Mackenzie challenged in federal court his civil commitment under the California Sexually Violent Predictor Act). The state court proceedings concern his civil commitment. The subpoena issued to the Attorney General seeks the Attorney General's testimony on three topics concerning the Attorney General's enforcement of the immigration laws of the United States:

> (1) the manner within which 8 United States Code sections 1227 and 1229b[] are enforced, (2) the circumstances wherein Merrick Garland, or someone acting on behalf of Merrick Garland, or someone acting in a manner consistent with Merrick Garland's direction, would suspend, or deter, deportation of a [noncitizen] who has been convicted of an "aggravated felony" (as defined in 8 U.S.C. sections 1229b(a)(3), (b)(1)(C), and § 1101(a)) so that they can remain within the United States, and (3) the scope of permissible detention and proceedings permitted by the extradition treaty between Canada and the United States of America.

ECF No. 1-2 at 10. On August 1, 2024, the Attorney General removed this subpoena matter to this Court consistent with *Brown & Williamson Tobacco Corp. v. Williams,* 62 F.3d 408, 412-15 (D.C. Cir. 1995).

## ARGUMENT

The subpoena should be quashed. As the D.C. Circuit has made clear, "[i]n state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). The Attorney General is a senior officer and cabinet member of the United States Government. Accordingly, the subpoena should be quashed because it is not enforceable against the Attorney General due to the United States's sovereign immunity.[1] In addition, any

---

[1] The removal of the subpoena to federal court has no impact on whether it is enforceable. It is well settled that "because a federal court's jurisdiction upon removal is derivative of the state

attempt by the Superior Court to compel a federal officer or entity to comply with a subpoena would violate the Supremacy Clause.  *See Boron Oil v. Downie,* 873 F.2d 67, 71 (4th Cir. 1989); *see also* 28 U.S.C. § 1451 (Superior Court is deemed a "state court" for purposes of removed actions).  Thus, the subpoena should be quashed for this threshold reason.

Unlike a federal court subpoena, if a state court litigant is dissatisfied with a federal agency's response to a state court subpoena, the "state court litigant's only recourse from a federal agency's refusal to comply with a state court subpoena is to bring an [Administrative Procedure Act ('APA')] claim—necessarily governed by the APA arbitrary and capricious standard—against the agency in federal court."  *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007).  As such, the subpoena cannot be enforced on its own terms, and should be quashed for that reason as well.

## CONCLUSION

For the foregoing reasons, the Court should quash the subpoena issued to the Agency.

| | |
|---|---|
| Dated:  September 23, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:  _____/s/ *Dimitar P. Georgiev*_____<br>DIMITAR P. GEORGIEV, D.C. Bar # 1735756<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 815-8654<br><br>*Attorneys for the United States of America* |

---

court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government."  *Houston Bus. J..,* 86 F.3d at 1212.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:*<br><br>MERRICK GARLAND,<br>Attorney General<br><br>*In the Civil Matter of:*<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Petitioner,<br><br>v.<br><br>DOUGLAS MACKENZIE,<br><br>Respondent. | Misc. No. 24-2270 (RC)<br><br>*on removal from*<br>SUPER. CT. DOCKET NO.<br>2024-CAB-003203 (D.C. Super. Ct.) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the Attorney General's motion to quash, and the entire record herein, it is hereby

ORDERED that the Attorney General's motion is GRANTED; and it is further

ORDERED that the Subpoena issued to the United States Attorney General is QUASHED.

SO ORDERED:

_____  _____
Dated                                                                              RUDOLPH CONTRERAS
                                                                                           United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that I cause a true and correct copy of the foregoing Motion to Quash Superior Court Subpoena and Memorandum in Support Thereof to be served by first-class mail, postage prepaid, on the 23rd day of September, 2024, upon:

DOUGLAS MACKENZIE
c/o Law Office of Dale R. Atherton,
112 Harvard Avenue # 19
Claremont, CA 91711

PEOPLE OF THE STATE OF CALIFORNIA
c/o John M. Sinclair, Esq.,
Orange County District Attorney
300 North Flower Street
Santa Ana, CA 92703

                                                /s/ *Dimitar P. Georgiev*
                                                DIMITAR P. GEORGIEV
                                                Assistant United States Attorney