# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:* : | |
| : | |
| MERRICK GARLAND, : | |
| Attorney General : | |
| : | |
| *In the Civil Matter of:* : | Misc. No.: 24-119 (RC) |
| : | |
| PEOPLE OF THE STATE OF CALIFORNIA : | Re Document Nos.: 6, 7, 8, 11 |
|     Petitioner, : | |
|     v. : | |
| : | |
| DOUGLAS MACKENZIE : | |
|     Respondent. : | |

## MEMORANDUM OPINION

### GRANTING THE ATTORNEY GENERAL'S MOTION TO QUASH; DENYING MACKENZIE'S MOTION TO COMPEL; DENYING AS MOOT MACKENZIE'S MOTION FOR EXTENSION OF TIME; DENYING AS MOOT MACKENZIE'S MOTION FOR LEAVE TO APPEAR BY TELEPHONE

## I. INTRODUCTION

Douglas MacKenzie ("MacKenzie") is a party to a case in California Superior Court. Following the completion of his ten-year prison sentence, MacKenzie was civilly committed as a California Sexually Violent Predator. MacKenzie filed a motion in California Superior Court challenging his civil commitment. Under the authority of the District of Columbia Superior Court, he issued a subpoena seeking to compel the Attorney General[1] to appear for a deposition in aid of his California cases. MacKenzie then moved to compel compliance in D.C. Superior Court, and the case was removed to this Court. The Attorney General then moved to quash the

---

[1] Pam Bondi was sworn in as Attorney General on February 5, 2025 and is automatically substituted for Merrick Garland as a defendant in this action pursuant to Fed. R. Civ. P. 25(d).

subpoena, which requests his testimony on three matters related to the enforcement of U.S. immigration laws. For the reasons discussed below, the Court grants the Attorney General's motion to quash the Superior Court's subpoena, denies MacKenzie's motion to compel, denies as moot MacKenzie's motion for extension of time to reply to the Attorney General's motion to quash, and denies as moot MacKenzie's motion for leave to appear by telephone for all court proceedings.[2]

## II.  FACTUAL BACKGROUND

Douglas MacKenzie is a party to the California Superior Court case *People of the State of California v. Douglas MacKenzie*, No. M-13949 (Cal. Super. Ct.). Gov't's Mot. Quash ("Mot. Quash") at 1, ECF No. 6. MacKenzie was extradited from Canada to California to face multiple felony charges related to "lewd acts on a child under fourteen years of age" that took place in Orange County, California. *Id.* After conviction, he was sentenced to ten years of incarceration; and upon completion of his sentence, he was civilly committed. *Id.* at 2. The state court case at issue here concerns MacKenzie's challenge to his civil commitment. *Id.* As part of that case, MacKenzie issued a subpoena under the authority of the District of Columbia Superior Court seeking the deposition of the then-Attorney General Merrick Garland. When the Attorney General failed to comply, MacKenzie filed a motion in D.C. Superior Court seeking to compel the Attorney General to appear for the deposition. Notice of Removal, ECF No. 1 at 2.

---

[2] Based on the same reasoning for granting the Attorney General's motion to quash, the Court denies MacKenzie's motion to compel compliance with the deposition subpoena, *see* Mot. to Compel, ECF No. 7. Additionally, the Court denies as moot Mackenzie's motion to appear telephonically for all court proceedings, *see* Mot. to Appear Telephonically for All Ct. Proceedings, ECF No. 11. Lastly, because the 60-day extension MacKenzie requested following the denial of his motion for appointment of counsel has expired without any filing, the Court denies as moot MacKenzie's motion for an extension of time to file a response to the Attorney General's motion to quash, *see* Mot. Extension of Time, ECF No. 8.

MacKenzie claims that the Attorney General's testimony is "material and relevant" to the argument in his California state case concerning his civil commitment, *see id.* ¶ 4, and the Attorney General disputes that assertion.

The state court subpoena seeks the Attorney General's testimony on three topics related to the enforcement of federal immigration laws:

> (1) the manner within which 8 United States Code sections 1227 and 1229b[] are enforced, (2) the circumstances wherein Merrick Garland, or someone acting on behalf of Merrick Garland, or someone acting in a manner consistent with Merrick Garland's direction, would suspend, or deter, deportation of a [noncitizen] who has been convicted of an "aggravated felony" (as defined in 8 U.S.C. sections 1229b(a)(3), (b)(1)(C), and § 1101(a)) so that they can remain within the United States, and (3) the scope of permissible detention and proceedings permitted by the extradition treaty between Canada and the United States of America.

Mot. Quash at 2. The Attorney General removed the subpoena matter to this Court on August 1, 2024. *Id.* The Attorney General then filed a motion to quash the subpoena on September 23, 2024. *Id.* at 3. The motion argues that the state court's subpoena should be quashed because it is not enforceable due to the United States's sovereign immunity and that compelling a federal officer to comply with a state court subpoena would violate the Supremacy Clause. *Id.* at 2, 3. To date, MacKenzie has not filed a response to the Attorney General's motion.[3]

### III.  ANALYSIS

#### 1.  Sovereign Immunity

The Attorney General requests this Court to quash the subpoena, arguing that the United States's sovereign immunity applies because the Attorney General is a senior officer and cabinet member. *Id.* at 2. When a litigant seeks to subpoena a non-party federal governmental official

---

[3] On October 9, 2024, MacKenzie filed a motion for a 60-day extension to respond to the motion to quash. However, the time he sought has expired and there is still no response. *See* Mot. Extension of Time at 1.

or agency in state court, "the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996) ("In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena."). In other words, "a state subpoena commanding a federal agency to produce its records or have its employees testify about information obtained in their official capacities violates federal sovereign immunity." *In re Subpoena in Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) (citing *Houston Bus. J., Inc.*, 86 F.3d at 1211). A subpoena directed at an agency employee is considered directed at the agency itself. *Id*. at 251. A federal agency employee may therefore assert sovereign immunity as a defense. *Id.*

Federal employees have critical roles in ensuring the effective functioning of government. *Sharon Lease Oil Co. v. F.E.R.C.*, 691 F. Supp. 381, 383 (D.D.C. 1988) (holding that the "essential nature and effect" of a subpoena "interfere[s] with the public administration"). Compelling these employees to testify in state court proceedings would disrupt their primary responsibilities, which include maintaining national security, enforcing federal laws, and protecting public safety. *Id.* at 383–84 (explaining that if agency employees were routinely allowed to testify in lawsuits they were not a party to, it would cause a "significant" impact on the amount of work done, with sovereign immunity conferring "protection from direct judicial interference."). As government officials tasked with complex and high-stakes responsibilities, employees such as the Attorney General would be unnecessarily burdened by frequent legal distractions, leading to inefficiency in the administration of justice. *Environmental Enterprises, Inc. v. EPA*, 664 F. Supp. 585, 586 (D.D.C. 1987) (holding that "[i]f these courts could so easily subpoena federal officials, the officials might find themselves spending all of their time doing

nothing but complying with state court orders and thus they would have little opportunity to pursue their important governmental responsibilities.").

Furthermore, because the Attorney General is protected by sovereign immunity in his capacity as a federal officer, this Court lacks jurisdiction to enforce a subpoena issued by a state court. *See Stauffer v. Miller*, No. 14-mc-454, 2014 WL 12539886, at *3 (D.D.C. July 16, 2014) (granting a motion to quash a D.C. Superior Court subpoena for documents because "even if the action is removed to federal court, even this Court lacks jurisdiction to enforce a state court issued subpoena"); *Washington Consulting Group v. Monroe*, No. 00-MS-141, 2000 WL 1195290, *3 (D.D.C. July 24, 2000) (quashing a D.C. Superior Court subpoena because "a district court, such as this one, which would have no jurisdiction to even issue the subpoenas, has no jurisdiction to enforce the subpoena issued by a state court."). When a federal agency employee is subpoenaed to testify, they are, in effect, being compelled to comply with a state court directive that cannot be enforced in either forum, because the "federal court's jurisdiction upon removal" is merely "derivative of the state court's," and sovereign immunity bars such enforcement in both courts. *Houston Bus. J., Inc.*, 86 F.3d at 1212. Accordingly, the Court concludes that the subpoena in this matter should be quashed.

### 2. Supremacy Clause

Additionally, the Attorney General argues that the subpoena should be quashed, as compelling an officer to comply with it would violate the Supremacy Clause. Mot. Quash at 2, 3. Article VI of the Constitution expressly provides that "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land," meaning that Congress' powers and federal judicial actions in conformity with federal law override state court rulings and determinations in the event of a conflict. *Maddox v.*

5

*Williams*, 855 F. Supp. 406, 413–14 (D.D.C. 1994) (citing *Cooper v. Aaron*, 358 U.S. 1 (1958); *Swift & Co. v. Wickham*, 382 U.S. 111 (1965)).  This Court has consistently emphasized the importance of upholding federal supremacy to avoid undermining the functioning of the federal government.  *Id*.  "It would be a direct affront to the framers [of the Constitution] and the language they embodied in Article VI were this Court to give effect to [the state court subpoena] which imposes substantial burdens on national legislators and represents a serious obstacle to the execution of their duties and responsibilities."  *Id*. at 414.  The state court subpoena in this matter stands in direct conflict with federal supremacy because it seeks to compel a federal officer to give testimony.  As such, because the Supremacy Clause "awards the decision to the federal legislative authority," the Court grants the Attorney General's motion to quash.  *Id*. at 415.

## IV.  CONCLUSION

For the foregoing reasons, the Attorney General's motion to quash the Superior Court's subpoena is **GRANTED**, MacKenzie's motion to compel is **DENIED**, MacKenzie's motion for extension of time to reply to the Attorney General's motion to quash is **DENIED AS MOOT**, and MacKenzie's motion for leave to appear by telephone for all court proceedings is **DENIED AS MOOT**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  April 23, 2025                                                                RUDOLPH CONTRERAS
                                                                                              United States District Judge